

U.S. Department of Justice

FILED
IN CLERK'S OFFICE

2005 JUL -1  P 2: 33

U.S. DISTRICT C...
DISTRICT OF MA...

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

July 1, 2005

Edward B. Fogarty, Esq.
101 State Street
Springfield, MA 01103

    Re:  <u>United States v. Jose Alicea</u>
         Criminal No. 05-30037-MAP

Dear Attorney Fogarty:

    In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.    Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

    1.    Statements of the Defendant

    The defendant did not make any oral statements in response to interrogation by a person the defendant knew was a government agent of which the government is aware. The government is unaware of any other written or recorded statements, other than the tape recordings discussed below, made by the defendant.

    2.    Grand Jury Testimony

    The defendant did not testify before the grand jury.

    3.    Defendant's Prior Record

    A copy of the defendant's criminal record of which the government is aware was provided to you by Pretrial Services at the arraignment.

    4.    Books, Papers, Documents, and Tangible Objects

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants if any, which it intends to use at trial at a mutually convenient time and place.

5.  Reports of Examinations and Tests

The drug analyses are enclosed. There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant.

B.  Search Materials

1.  Search Warrants

None.

2.  Consent Searches

None.

3.  Warrantless Searches

On January 28, 2005, the defendant was a passenger in a motor vehicle which was stopped by law enforcement officers in order to identify the defendant. A FBI report regarding the stop is enclosed.

C.  Electronic Surveillance

None.

D.  Consensual Interceptions

A cooperating witness made consensual interceptions of wire and oral communications which were recorded on audio and/or video tape/DVD of the defendant regarding the drug deals and phone calls arranging the deals which the government intends to offer as evidence in its case-in-chief. These tapes are being copied and will be available to be picked up when the copying is completed.

E.  Unindicted Coconspirators

There is no conspiracy charged in the above referenced indictment.

F.  Identifications

The Gang Task Force agents showed a booking and/or RMV photograph of the defendant to members of the task force participating in this investigation prior to the drug deals and to members of the arrest team prior to the arrest of the defendant. The same photographs were shown to the cooperating witness during the investigation. These photographs are included in photograph lineup, discussed below, shown to the cooperating witness on June 2, 2005.

On June 2, 2005, before his grand jury testimony and during his grand jury testimony, CW Julian Rios was shown a photographic lineup which consisted of photographs of 28 males. Rios identified the defendant's photograph as the person from whom he purchased crack on January 19, and 20, 2005.

On June 2, 2005, before his grand jury testimony and during his grand jury testimony CW Julian Rios was shown a photographic lineup which consisted of photographs of 28 males. Rios identified Andres Cotto's photograph as the person from whom he purchased crack on October 11, 2004. Based upon that identification and other evidence an Indictment was returned against Andres Cotto. The government now believes that Rios misidentified Cotto and has dismissed the Indictment against Cotto.

Copies of these 28 photos together with another 14 photographs of women are enclosed.

G.  Exculpatory Evidence

    1.  Within the time period designated in L.R. 116.1(C)(1):

        a.  The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

        b.  The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. §3731.

        c.  Julian Rios, a cooperating witness in this case, has been given $32,600 to date for his cooperation. Rios was also given a cellular

                telephone to use during the course of the investigation. In addition he has been given assistance in relocating and will continue to be paid for his cooperation until the end of this investigation. The additional amount of money provided to the witness will be disclosed prior to trial. The government is unaware of any other promise, reward or inducement given to any other witness the government anticipates calling in its case-in-chief.

      d.    A copy of the criminal history of Julian Rios of which the government is aware is enclosed. The government is unaware of any criminal record of any other witness it anticipates calling in its case-in-chief.

      e.    Julian Rios has a pending assault and battery case in the Springfield District Court. The government is unaware of any other criminal cases pending against any other witness the government anticipates calling in its case-in-chief.

      f.    There were no failures to identify the defendant by any percipient witness in this case.

Pursuant to L.R. 116.4 the government is making available one copy of the consensual audio and video tape recordings discussed above. The tapes are being copied at this time and will be available shortly. The tapes will be provided to counsel upon the signing of a receipt for the tapes.

The government requests reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

                                          Very truly yours,

MICHAEL J. SULLIVAN<br>
United States Attorney

By: _____
TODD E. NEWHOUSE
Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
    Courtroom Clerk
    Hon. Kenneth P. Neiman
    United States Magistrate Judge
    (w/o enclosures);